Guadalupe P. MANGLONA, Plaintiff-Appellee,

v.

Luis A. BENAVENTE, Defendant-Appellant.

No. 86–1716.

United States Court of Appeals, Ninth Circuit.

Argued Nov. 6, 1986.

Decided Oct. 8, 1987.

James S. Sirok, Saipan, for plaintiff-appellee.

Randall T. Fennell, Saipan, for defendant-appellant.

Before NELSON, REINHARDT and WIGGINS, Circuit Judges.

REINHARDT, Circuit Judge:

The Legislature of the Commonwealth of the Northern Mariana Islands amended its elections laws following the 1985 general election. Act of April 9, 1986, Pub.L. No. 5–7. In an opinion filed concurrently with this one, *Nabors v. Manglona*, 829 F.2d 902 (9th Cir.1987), we hold that neither the Elections Board nor the courts any longer possess jurisdiction to hear section 6421 "election contests" concerning elections for seats in the Commonwealth Legislature, including contests arising out of the 1985 elections. *Nabors*, at 906. Here, we address a separate but closely related issue of jurisdiction: if a seat in the Commonwealth Legislature is at issue, may the courts still consider ballot validity challenges brought under section 6415(a) of the Elections Act? We hold that courts lack jurisdiction over such cases as well.

## I. *Facts*

Guadalupe Manglona and Luis Benavente were among the candidates vying for three seats in Election District No. 1 to the House of Representatives of the Commonwealth Legislature. The election was held on November 3, 1985, and resulted in a tie for the third seat. Manglona and Benavente each received 664 votes. Manglona filed an elections contest with the Commonwealth's Board of Elections pursuant to the Election Act of 1977. 1 C.M.C. § 6411. In her complaint, Manglona alleged that one absentee ballot containing a vote for her opponent Benavente was void and should not have been counted because it (1) was improperly marked and (2) contained marks that made it possible to identify the voter.

The Elections Board treated Manglona's complaint as initiating a section 6421 election contest. Following a hearing, the Board found that the contested absentee ballot contained "multiple Xs or scribbling marks" wholly or almost wholly within the boxes next to the names of candidates, the remaining markings from an erasure on a write-in line, and apparently the initials of the voter placed next to the other marks. Relying on the terms of section 6415, the Board held that the marks, including the initials, did not make it impossible to determine the voter's choice.[1] It then counted the absentee ballot for Benavente and affirmed its certification of the tie vote.

In its judgment, the Board advised the parties of their right of appeal of election contests to the Commonwealth Trial Court pursuant to 1 C.M.C. § 6430. Manglona did so by filing a complaint with the court. Benavente moved to dismiss, arguing that (1) Manglona's challenge raised a ballot irregularity question covered under section 6415, (2) under that section the Board makes "the final decision as to the validity of the ballot," (3) the trial court's jurisdiction was limited to section 6421 election contests, and (4) the facial invalidity of a ballot was not one of the grounds for an election contest under section 6421. The trial court agreed and dismissed Manglona's complaint for lack of subject matter jurisdiction.

Manglona appealed the trial court's decision to the Appellate Division of the District Court for the Northern Mariana Islands pursuant to 1 C.M.C. § 6431. The appellate division reversed, holding that section 6421 did permit an election contest challenging the facial validity of a ballot, and that the language in section 6415(a) regarding the Board's "final" decision did not preclude judicial review. The appellate division remanded the matter for further proceedings, but Benavente appealed its decision to this court. 48 U.S.C. § 1694c(b) (Supp.1987). Shortly thereafter, on April 9, 1986, the Commonwealth Legislature passed Public Law 5–7, which reallocated

---

1. Under section 6415, which deals with ballot irregularities, "a ballot may not be rejected for any error which does not render it impossible to determine the voter's choice." 1 C.M.C. § 6415(d).

jurisdiction over contests and challenges to Commonwealth elections (including the one at issue here) and over the ballots cast in those elections. *See Nabors v. Manglona,* 829 F.2d 902, No. 86–1951, slip op. (9th Cir., 1987).

## II. *Discussion*

In *Nabors* we held that the legislature, in enacting Public Law 5–7, eliminated judicial review of legislative election contests brought under section 6421, including those relating to the 1985 elections. *Id.,* at 906. Because here the appellate division's conclusion that a remand to the trial court was required was based on its holding that Manglona's claim was properly brought under section 6421, the conclusion cannot survive the 1986 legislative amendments.[2] *Id.* However, Manglona suggests that the appellate division's result remains correct because in section 6415 ("ballot irregularities") cases judicial review is still permissible. Of necessity reversing her position, Manglona is now forced to argue that her complaint is governed by the provisions of section 6415.

Public Law 5–7 did not affect only section 6421 cases. Several parts of the statute affected section 6415 cases as well, the most direct being the specific amendment to section 6415(a). Pub.L. No. 5–7, § 2. The first two sentences of section 6415(a) remain unchanged: "If a ballot being counted appears improper, the final decision as to the validity of the ballot shall be made by the Board. The accounting and tabulation committee shall separate any ballot it believes to be improper and forward the ballot or ballots to the Board for ultimate determination." Public Law 5–7 inserted after the first sentence in the above quoted passage the sentence: "This decision shall be unreviewable by the Legislature or the Court."

Despite the new language of section 6415(a), Manglona suggests that courts must retain jurisdiction to review decisions made under section 6415. She relies on the Commonwealth Constitution, which states that: "Each house of the Legislature shall be the final judge of the election and qualifications of its members and the legislature may vest in the court the jurisdiction to determine contested elections of its members." CNMI Const. art. II, § 14(a). Manglona argues that if section 6415(a) as amended is read as conferring final and unreviewable authority on the Elections Board to decide ballot validity questions in legislative elections, then there has been an unconstitutional delegation of power. She says that to preclude this result, we should construe the Elections Act as permitting judicial review of legislative races. Manglona's argument is in no way persuasive.

Essentially Manglona says that an unconstitutional delegation of authority to decide election cases to the Elections Board would result in courts being vested with jurisdiction to review such challenges. She is clearly incorrect. Even if there has been an improper delegation of authority to the Board, the result is *not* that this or any other court has jurisdiction to review those cases. Under the constitution only the legislature has the power to seat its members, and only if the legislature delegates some or all of its power to the courts do we obtain the jurisdiction to determine contested legislative elections. The legislature has expressly chosen not to delegate such authority here. To the contrary, it repealed the judicial review provisions of the Elections Act that were in effect prior to the 1986 amendments. Pub.L. No. 5–7, § 10 (repealing *inter alia* 1 C.M.C. §§ 6430–6432). In doing so, the legislature made it abundantly clear that it does not want judicial review of legislative elections in any case brought pursuant to the Elections Act. *See Nabors v. Manglona,* at 906.

In addition, Public Law 5–7 has a severability clause, which provides that the invalidation of any of the provisions of Public Law 5–7 does not invalidate or otherwise affect its remaining provisions. Pub.L. No.

---

**2.** We note that the appellate division's decision was issued prior to the 1986 amendments to the Elections Act. We express no view as to whether the decision was correct at the time it was issued.

5–7, § 13. Thus, even if section 2 of Public Law 5–7 were found to result in an improper delegation of authority by the legislature to the Elections Board, the remaining amendments, including the repealer of the judicial review sections, would remain in force.

The short answer to Manglona's argument is that if the legislature unconstitutionally delegated its final authority over legislative election to the Elections Board, that part of Public Law 5–7 is unconstitutional and the final authority the legislature sought to delegate remains with the legislature. Specifically, the legislature would, notwithstanding the terms of the amended Act, retain the right to review Elections Board decisions. While it is true that what might otherwise be an unconstitutional delegation could be cured were the legislature to authorize judicial review, courts cannot require the legislature to do so. Likewise, courts cannot read a provision for judicial review into an act when the legislature has made it clear in that act that it desires to repeal all existing provisions for such review.

It is as important to state expressly what it is that we are not deciding in this case as it is to say what we do hold. First, we do not decide whether, if a candidate or other person asks the legislature to decide which candidate for office shall be seated, the language of section 6415(a) as amended precludes legislative review of any or all issues previously involved in a "final" ballot validity determination of the Board. Second, we do not decide whether, if the amendments to the Act bar the legislature from considering any or all such previously resolved issues, that would constitute an impermissible delegation of the Legislature's authority to the Elections Board. We do not decide these questions for two reasons. First, it is not necessary to resolve them in the case before us. Second, the record before us does not reflect that the legislature has been presented with an election challenge or that it has been asked to decide which candidate should be seated. We do not know what the legislature would do were such a request made in this case or in any other in which the Elections Board had made a "final" determination regarding challenged ballots. Accordingly, it would be premature to address the constitutional question at this point.

The Elections Act as amended by Public Law 5–7 does not vest in the courts any authority to review questions which relate to the election of members of the Commonwealth Legislature. Accordingly, just as we have no jurisdiction over Section 6421 cases, we have none over Section 6415 proceedings.[3] The decision of the Appellate Division of the District Court is vacated.

DISMISSED FOR LACK OF JURISDICTION

---

3. We do not decide what types of election disputes fall under section 6421, what types under section 6415(a), or whether some might fall under both. Nor do we decide in which category Manglona's complaint falls. For purposes of our decision, that question is simply irrelevant. No matter what the answer, there is no jurisdiction in the courts to review her complaint.