Manasses **Borja**,
Plaintiff/Appellant,
v.
Pedro P. **Tenorio** and Jesus R. Sablan,
Defendants/appellees.
Order of Dismissal
Appeal No. 97-051
Civil Action No. 97-1124A
January 9, 1998

Counsel for Appellant: C. Sebastian Aloot and Timothy H. Skinner, Saipan

Counsel for Appellee Pedro P. Tenorio: David R. Nevitt, Saipan

Counsel for Appellee Jesus R. Sablan: Robert J. O'Connor, Saipan

BEFORE: TAYLOR, Chief Justice, ATALIG, Justice Pro Tem, LAMORENA, Special Judge.

PER CURIAM:

¶1 After having reviewed the moving papers and motions in opposition, we dismiss appellant's appeal for lack of jurisdiction pursuant to Com. R. App. P. 42 (b).

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 Appellant initiated the proceeding in the Superior Court on November 10, 1997, by filing an election contest pursuant to 1 CMC § 6421 et seq. challenging the eligibility of Pedro P. Tenorio and Jesus R. Sablan to serve as Governor and Lieutenant Governor, respectively. On November 17, 1997, appellees moved for summary judgment and on December 1, 1997, the Superior Court granted their motion. The Superior Court found that Pedro P. Tenorio was eligible to serve as Governor in January, 1998, for one more term. Appellant filed his notice of appeal on December 23, 1997.[1] Appellees filed their motion to dismiss on December 31, 1997.

## ANALYSIS

### A. Constitutional Authority

¶3 ■ The legislature has the constitutional authority to determine election procedures. The Commonwealth Constitution provides:

> The legislature may provide for the registration

of voters, nomination of candidates, absentee voting, secrecy in voting, administration of elections, **resolution of election contests, and other matters with respect to election procedures**.

N.M.I. Const., art. VIII, §3 (1992) (emphasis added).

¶4 The Constitution also provides:

> Each house of the legislature shall be the final judge of the election and qualifications of its members and the **legislature may vest in the courts the jurisdiction to determine contested elections of members** . . . .

N.M.I. Const., art. II, § 14(a)(1994) (emphasis added).

¶5 The Commonwealth Legislature has conferred jurisdiction in election contest to the Superior Court pursuant to 1 CMC § 6425(c).

> **The court shall hear and determine all issues arising in contested elections** . . . . After hearing the evidence and within three days after the submission thereof, the court shall issue its findings of fact and conclusions of law, and immediately thereafter announce judgment in the case, either confirming, or reversing the result of the election. **The judgment of the court shall be final and unappealable**.

1 CMC § 6425(c) (1990)(emphasis added).

¶6 ■ This Court has affirmed that the Superior Court has the jurisdiction to determine election contests. *Taimano v. Superior Court*, 4 N.M.I. 94, 97 (1994); *Board of Elections v. Superior Court*, 4 N.M.I. 111, 113 (1996).[2]

¶7 ■ In addition, this Court has held that the election contest statute provides that the judgment of the Superior Court is final and unappealable. *Mundo v. Superior Court*, 4 N.M.I. 392, 395 (1996). This provision is based on a strong public policy consideration that election contests should not drag on indefinitely and disrupt the ability of elected officials to conduct their duties. *Id.*

¶8 The legislature has given the Superior Court the ultimate power to determine election contests. Therefore, the only question is whether Legislative Initiative 10-3 ("initiative") changed the election laws and provided the

---

[1] Appellant's contention that his delay in filing his appeal was the fault of the Clerk of the Supreme Court is incorrect. The Superior Court issued an opinion on December 1, 1997. Appellant filed his Notice of Appeal on December 23, 1997 and attempted to file his opening brief. Under Com. R. App. P. 5(b), no brief may be filed in the Supreme Court prior to certification of the record. The Clerk does not have the authority to accept filings contrary to this rule. In addition, communication with this Court shall be made by filing a motion. Any communications with members of the Court will be considered ex parte and are impermissible.

[2] In both *Taimano* and *Board of Elections*, we denied the appellant's request for a writ. *See Nabors v. Manglona*, 829 F.2d 902, 906-07 (9th Cir. 1987); *Manglona v. Benavente*, 829 F.2d 899, 901 (9th Cir. 1987). In *Nabors* and *Manglona*, the Ninth Circuit Court of Appeals dismissed the appeals for lack of jurisdiction.

Supreme Court with appellate jurisdiction over election contests.

### B. Initiative

¶9 The initiative was ratified by the voters in the 1997 General Election. The portion that is in dispute states:

> The Commonwealth supreme court shall hear appeals from final judgments and orders of the superior court. . . .[3]

House Legislative Initiative No. 10-3 at 2.

¶10 The initiative also states in part:

> Upon the effective date of Article IV, as amended . . . all existing cases pending in either court; all laws, regulations, and rules affecting the judiciary shall continue to exist and operate as if established pursuant to this Article IV, and **shall, unless clearly inconsistent, be read to be consistent with Article IV, as amended.**

House Legislative Initiative No. 10-3 at p. 4 (emphasis added).

¶11 ■ We see no inconsistency between the constitutional jurisdiction of this Court to hear appeals as established by Article IV, § 2 (as amended) and the constitutional authority of the legislature to provide for the resolution of election contests as established by Article VIII, § 3 and Article II, §14(a).

¶12 The initiative did not change or give additional authority to the Court and it did not repeal any powers of the legislature to determine election contests. It merely turned a statutory court into a constitutional judiciary. The purpose of the initiative is:

> To amend Article IV of the Constitution of the Commonwealth of the Northern Mariana Islands so that the Judicial Branch, consisting of a Supreme Court and a Superior Court, would have a firm and secure constitutional foundation, co-equal with the Executive and Legislative Branches.

House Legislative Initiative No. 10-3.

### C. Recusal of Judges

#### A. *Justice Pro Tem Pedro M. Atalig*

---

[3] "The Supreme Court has appellate jurisdiction over judgments and orders of the Superior Court of the Commonwealth." 1 CMC § 3102 (1990).

¶13 ■ We find no merit to appellant's motion to recuse Justice Pro Tem Atalig because he voted in the Commonwealth election. Appellant's declaration that all judges and justices of the Commonwealth may have a bias or prejudice because they may or may not have voted for the Governor and Lieutenant Governor is insufficient to recuse all judges and justices from sitting on this case.[4]

#### B. *Recusal of Chief Justice Taylor*

¶14 ■ We find no merit to appellant's motion to recuse Chief Justice Taylor. Mr. Kosack has withdrawn as counsel for Jesus R. Sablan and is not a part of this appeal.

### CONCLUSION

¶15 Therefore, we **DISMISS** the appeal for lack of jurisdiction based on our reasoning stated above. The parties shall bear their own costs. The mandate shall be issued immediately.[5]

---

[4] In addition, counsel for appellant certified in his Opening Brief that all judges and justices of the Commonwealth were known to have an interest in the outcome of the case pursuant to Com. R. App. P. 28(k). There has been no showing that the appellant has any such knowledge.

[5] Had this Court exercised jurisdiction over this appeal, it would have affirmed in part and reversed in part. We would have affirmed that Pedro P. Tenorio could serve as governor of the Commonwealth. However, we would have reversed and held that the 1997 election constitutes his first term and he could serve another term thereafter.